FILED
SUPERIOR COURT
OF GUAM

2019 AUG 15 AM 1: 11

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JOSHUA F. PETER, ET AL., | **Superior Court Case No. <u>CV0426-18</u>** |
| Plaintiffs, | |
| vs. | **DECISION AND ORDER** |
| | **RE DEFENDANTS' MOTION TO FIND** |
| FRANCIS GILL, ET AL., | **PLAINTIFFS IN CONTEMPT OF** |
| | **COURT AND PLAINTIFFS' FOURTH** |
| Defendants. | **REQUEST FOR EXPEDITED** |
| | **DISCOVERY ASSISTANCE** |

The Court here addresses Defendant's June 18, 2019 Motion To Find Plaintiffs In Contempt Of Court and Plaintiffs' Fourth Request For Expedited Discovery Assistance filed on July 25, 2019. The Court finds that Plaintiffs have not provided sufficient information to support their request for the advancement of costs for documents responsive to Defendants' discovery requests. The Court additionally finds that despite Plaintiffs' failure to produce a privilege log, their production of redacted fee agreements gave Defendants enough notice to evaluate whether to challenge the assertion of privilege. The Court also addresses the sufficiency of Plaintiffs' responses to Defendants' Request for Production Nos. 20, 22, and 26. The Court GRANTS in part and DENIES in part the Motion and awaits Plaintiffs' statement of costs for document reproduction before deciding on the amount of sanctions.

## I. PROCEDURAL BACKGROUND

Earlier in this case, Defendants moved to compel the production of documents requested on January 2, 2019. Mot. Compel Discovery and Decl. Curtis Van de veld, Ex. C (Feb. 25, 2019). On May 15, 2019, the Court issued a Decision and Order which granted in part

ORIGINAL

Defendants' motion to compel discovery documents. For the granted requests, the Court afforded Plaintiffs 14 days to produce the requested documents. The Court later extended the production deadline to June 28, 2019. Order Granting Ex Parte Appl. (May 29, 2019).

On May 29, 2019, Plaintiffs filed Amended Responses to Cyfred's First Request for Production of Documents and advised that the documents will be produced "if Cyfred agrees to pay for the costs to obtain them (at $250 per hour for attorney compilation and review time and $20/hr. for staff time) and copy them (at what it has charged plaintiffs for copying ($.40 per page)." Amd. Responses at 3 (May 29, 2019).

Plaintiffs also sought reconsideration of the Court's decision. In response, the Court clarified that if documents had been produced in prior litigation, Plaintiffs may specify those documents rather than producing them. Dec. and Order re Mot. Reconsideration at 2 (June 26, 2019). For documents not produced previously, the Court ordered that they be produced even if Defendants may access them by other means. Dec. and Order re Mot. Reconsideration at 2.

In Defendants' present Motion to Find Plaintiffs in Contempt of Court, Defendants seek sanctions because Plaintiffs continue to withhold documents. Defendants also ask for a ruling that Plaintiffs waived their claim of attorney-client privilege by failing to produce a privilege log. Plaintiffs concede that they have withheld documents but ask that costs for production be advanced. Plaintiffs' Fourth Request for Expedited Discovery Assistance represents that on July 17, 2019, Plaintiffs advised Defendants that the hard copy costs for producing responsive documents exceeded $10,000.00. Plaintiffs also now contend that alternative, digital reproductions will cost $2,300. As part of their calculations for costs, Plaintiffs include time for "attorney supervision."

ORIGINAL

## II.   LAW AND DISCUSSION

### A.  Costs of Production; Requests Nos. 1-5, 19

Plaintiffs claim that the Court may order the requesting party to pay for the reasonable expenses of production. Although the federal case Plaintiffs cite follows the Federal Rules of Civil Procedure's proportionality rule not yet adopted in Guam, the Court agrees that there is a "general rule that the responding party is responsible for costs associated with responding to requests while the requesting party is responsible for subsequent costs, including photocopying...." *LightGuard Sys., Inc. v. Spot Devices, Inc.*, 281 F.R.D. 593, 607 (D. Nev. 2012). The Court intends to follow this general rule but it remains unclear precisely how much it will cost Plaintiffs to produce the documents.

For example, Plaintiffs' estimate of $10,000+ for photocopies and $2,300 for digital production appears to include time for their attorney to supervise or collect documents.[1] Such costs will not be permitted as it is presumed that each party bears the ordinary burden of financing his suit, with the recognized exception that a requesting party pays the costs of photocopies for produced documents. *Id.* The Court extends this exception from making photocopies to the cost of transfer to a digital medium. But in any event, the general rule does not encompass attorney or staff time in reviewing and gathering the documents.

Therefore, if Plaintiffs seek reimbursement for costs of production, they must provide a statement of such costs within five business days of this Order. The Court defers on the issue of sanctions until it has reviewed the statement of costs.

### B.  Privilege Log

---

[1] Plaintiffs refer to an Exhibit 2 attached to the Fourth Request for Expedited Discovery Assistance, but there is no Exhibit 2 in the Court's file.

ORIGINAL

Defendants ask the Court to compel the production of unredacted fee agreements between Plaintiffs and their attorney. Defendants claim that because Plaintiffs did not provide a privilege log, they waived their right to redact privileged portions of the fee agreements.

The Court's May 15, 2019 Decision and Order found that Guam Rule of Civil Procedure 26(b)(5) requires a producing party to note a privilege and describe the document to allow the opponent to assess the applicability of the privilege. Dec. and Order at 5. The Court required that "[a]ny materials not produced on this asserted basis must be specifically identified. Any documents protected by attorney work product must be listed on a privilege log." Dec. and Order at 6-7.

The Court finds that Plaintiffs failed to comply with the Court's directions in that they have withheld information on the grounds of privilege but did not provide a privilege log. Despite the non-compliance, a waiver of privilege is not automatic. Rather, the Court determines, on a case-by-case basis, the degree to which the objection or assertion of privilege enables the requesting party and the court to evaluate whether the documents are privileged, the timeliness of the objection, and the magnitude of the document production. *Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005). "These factors should be applied in the context of a holistic reasonableness analysis, intended to forestall needless waste of time and resources, as well as tactical manipulation of the rules and the discovery process." *Id.*

The Court finds that the production of the redacted documents in lieu of a privilege log satisfied Plaintiffs' obligations to put Defendants on notice of what Plaintiffs claim is privileged

ORIGINAL

material. Now in possession of redacted fee agreements, Defendants know there are responsive documents to their request for such information.[2]

The Court notes that Defendants' Motion does not challenge labeling the redacted portions as privileged. If Defendants seek to challenge any of the redactions or the assertion of the attorney-client privilege or work product doctrine, they must bring a separate motion.

Finally, Defendants ask the Court to find that no privilege applies to the production of any documents responsive to Cyfred's request for production of documents. As just mentioned, the Court must decide the issue of waiver of privilege on a case-by-case basis.

## C. Request No. 20

In its May 15, 2019 Decision and Order re Motion to Compel Discovery, the Court ordered that Plaintiffs produce a list of documents responsive to Request No. 20 within 14 days. In the Amended Responses, Plaintiffs stated "See the documents that were recorded by escrow with the Department of Land Management for the settlement, copies of which were provided to Cyfred." Am. Responses at 4. Defendants now complain that no documents were referenced. In response, Plaintiffs claim that they require to be paid costs prior to production.

The Court agrees that Plaintiffs' response was vague as their Amended Response indicated the documents had been produced--thought it's unclear whether they or DLM produced the documents. This response was non-compliant with the Court's May 15, 2019 Decision and Order, which required that the documents be specifically identified. This should have been done regardless of an advancement of costs because producing a list of documents would not fall

---

[2] It is not clear when Plaintiffs produced the redacted fee agreements.



under a reimbursable discovery expense. The Court agrees with Defendants that Plaintiffs have failed to comply and may be subject to sanctions with regard to Request No. 20.

### D. Request No. 22

Defendants allege that for Request for Production No. 22, Plaintiffs unilaterally put off their obligation to June 30, 2019 as indicated on the Amended Responses. Plaintiffs, however, claim that they did provide responsive documents on June 28, 2019. The Court has no further information on this issue[3] and considers it resolved.

### E. Request No. 26

Defendants complain that Plaintiffs provided a list of documents in response to their Request for Production No. 26 which sought "all documents that you have filed in any court for probate of the interest in the real property subject of this action on behalf of any deceased person and any document you may have received concerning such probate action from the court or any other party." Decl. Curtis Van de veld, Ex. E at 13 (Feb. 25, 2019).

In the Court's May 15, 2019 Decision and Order, the Court stated that a docket sheet suffices in responding to this request. The Court considers Plaintiffs' response to be in compliance with their obligations under Rule 34 and the Court's prior Order.

## III. CONCLUSION

The Court defers the issue of sanctions until it reviews Plaintiffs' compliance with this Order. The Court GRANTS the Motion with respect to Request No. 20 (and defers the issue of sanctions) and DENIES the Motion with regard to the issue of waiver of the attorney-client privilege and Request Nos. 22 and 26.

---

[3] Defendants did not submit a Reply in support of their Motion for Sanctions.

ORIGINAL

SO ORDERED this 15th day of August 2019.

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

I acknowledge that a copy of the
within hereto was placed in the
mailbox of:

VAN DE VELD

8/15/19 time: 12 p

Deputy Clerk, Superior Court of Guam

Appearing Attorneys:

Wayson W. S. Wong for Plaintiffs

Curtis C. Van de veld for Cyfred, Ltd., and Leonard Francis Gill, and Stephanie Mendiola